*Lodged Proposed Order*

ERIC H. HOLDER JR
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

GEORGE S. CARDONA
Acting United States Attorney
MICHELE C. MARCHAND (#93390)
Assistant United States Attorney
Central District of California

T. CHRISTIAN HERREN JR
ROBERT POPPER
AMANDA GREGORY (#234129)
Attorneys
Voting Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave, N.W. - NWB Room 7254
Washington, D.C. 20530
Fax: (202) 307-3961
Tel: (202) 305-7540
amanda.gregory@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

COUNTY OF RIVERSIDE,
CALIFORNIA; THE RIVERSIDE
COUNTY BOARD OF
SUPERVISORS; and THE
RIVERSIDE COUNTY REGISTRAR
OF VOTERS, BARBARA
DUNMORE, in her official capacity,

    Defendants.

CIVIL ACTION NO. CV10-01059-SJO (ORx)

**THREE-JUDGE COURT**

**JOINT STIPULATION TO EXTEND TIME TO ANSWER AND APPOINT FEDERAL OBSERVERS**

The parties, by and through their undersigned counsel, hereby jointly stipulate as follows:

1.  This matter involves a Complaint under Section 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973aa-1a, with respect to the provision of Spanish language materials and assistance to voters with limited English proficiency who need such materials and assistance.  Section 203 exists to ensure that limited English proficient voters are able to fully and effectively participate in the political process.

2.  The Defendants' Answer or other response to the Plaintiff's Complaint is due to be filed on or about 20 days from the filing of the Complaint.

3.  To allow time to accomplish complete resolution of this matter, the parties agree that the time for Defendants to Answer or otherwise respond to the Complaint shall be extended to March 31, 2013, a period allowing analysis and discussion following the 2012 federal general election, or until 20 days after a motion by either party.

4.  The parties are working productively toward a complete resolution of all issues involved in this matter and identified in the Complaint, and jointly seek additional time to accomplish such a resolution without litigation. The parties have as an interim matter reached a Memorandum of Agreement ("Agreement"), a copy of which is attached as Joint Exhibit 1.

5.  The Agreement addresses, among other things, matters affecting minority language voters that have allegedly occurred inside some Riverside County polling places.

6.  The terms of the Agreement call for the agreed upon appointment of federal observers, without costs to the County of Riverside.  The appointment of federal observers in this matter can only be accomplished through an order of this

1

1   Court.  Thus, the parties affirmatively seek by interlocutory order, the

2   appointment of federal observers pursuant to Section 3(a) of the Voting Rights

3   Act, 42 U.S.C. §1973a(a), and the consequent assignment of federal observers

4   through March 31, 2013, as necessary and appropriate so that the County can

5   ensure that the rights of all voters will be protected in future elections.

6       7.   If the Defendants fulfill their obligations under the Agreement

7   consistent with the provisions of the Voting Rights Act, the Plaintiff will move to

8   dismiss the Complaint pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil

9   Procedure on or about March 31, 2013.

10      WHEREFORE, the parties jointly stipulate for the extension of the time to

11  answer to March 31, 2013 and for the certification of Riverside County and

12  appointment of federal observers to the polling places under the authority of the

13  Riverside County Registrar of Voters through March 31, 2013, as set forth in the

14  proposed order.

15

16

17

18

19

20

21

22

23

24

25

26

2

RESPECTFULLY SUBMITTED:

For Plaintiff:

ERIC H. HOLDER JR
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

GEORGE S. CARDONA
Acting United States Attorney
Central District of California
MICHELE C. MARCHAND (#93390)
Assistant United States Attorney
312 North Spring Street
Los Angeles, CA 90012

T. CHRISTIAN HERREN JR
ROBERT POPPER
AMANDA E. GREGORY (#234129)
Attorneys
Voting Section
Civil Rights Division
United States Department of Justice
Voting Section
950 Pennsylvania Avenue NW
NWB-Room 7254
Washington, D.C. 20530
Telephone: (202) 305-0827
Facsimile: (202) 307-3961
amanda.gregory@usdoj.gov

February ___, 2010

For Defendants:

DANA SMITH (#172386)
Deputy County Counsel
Riverside County
3960 Orange St., Fifth Floor
Riverside, CA 92501
Phone: (951) 955-6300
Fax: (951) 955-6363
danasmith@co.riverside.ca.us

3

# JOINT EXHIBIT I

# (Memorandum of Agreement)

4

# MEMORANDUM OF AGREEMENT

This Memorandum of Agreement (the "Agreement"), effective this 21st day of January 2010, is entered into by and between the United States of America (the "United States") and the County of Riverside, California (the "County"), the Riverside County Registrar of Voters (the "Registrar"), in her official capacity, and the Riverside County Board of Supervisors (the "Board").

On June 17, 2009, the United States informed the County by letter of its intent to file a Complaint pursuant to Section 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973aa-1a ("Section 203"). The Federal District Court for the Central District of California has jurisdiction to enforce the provisions of Section 203 in the County, and the Federal Court would have jurisdiction of an action brought by the United States to enforce any of the terms of this Agreement pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 1973j(d) & (f) and 1973aa-2. The cause of action under Section 203 must be heard and determined by a court of three judges pursuant to 42 U.S.C. § 1973aa-2 and 28 U.S.C. § 2284.

The County has been subject to the requirements of Section 203 with respect to Spanish language since 1992. *See* 42 U.S.C. § 1973aa-1a(b)(2); 57 Fed. Reg. 43,213 (Sept. 18, 1992); 67 Fed. Reg. 48,871 (July 26, 2002). The Census Bureau designated Riverside County for Spanish under Section 203 in 1975, *see* 40 Fed. Reg. 41,827 (Sept. 9, 1975), but the County was not designated under Section 203 in 1984, *see* 49 Fed. Reg. 25,887 (June 25, 1984). Since 2002, the Department of Justice has directly notified Riverside County election officials of the County's obligations under Section 203.

In the most recent determination of coverage in 2002, the Director of the Census determined that more than 10,000 of Riverside's voting age citizens are members of a single language minority group (Spanish heritage or Hispanic), are limited English proficient, and have an illiteracy rate higher than the national illiteracy rate. *See* 67 Fed. Reg. 48,871 (July 26, 2002). The determination of the Census Bureau that Riverside County is covered by Section 203 for Spanish is final and non-reviewable. *See* 42 U.S.C. § 1973aa-1a(b)(4).

As of the 2000 Census, the County's voting age limited English proficient population was 49,495. The County had a total population of 1,545,385 persons, of whom 559,330 (36.2%) were Hispanic. The County also had a citizen voting

age population of 918,775 of whom 204,215 (22.2%) were Hispanic.

The United States alleges in its Complaint that the County has not complied with the requirements of Section 203 for Spanish speaking citizens residing in the County. Specifically, the United States alleges that the County has failed to provide an adequate number of bilingual poll workers trained to assist Spanish speaking voters on Election Day and to provide in an effective manner certain election-related information to Spanish speaking voters.

The County does not admit liability for the allegations in the Complaint and disputes that it is not in compliance with Section 203. The County is committed to comply fully with all Section 203 requirements in all future elections and asserts that it has also complied in the past. The County, in the spirit of cooperation, stipulates to the provisions of this Agreement.

To avoid protracted and costly litigation, the parties have agreed that this dispute should be resolved through the terms of this Agreement. Accordingly, the United States and the County hereby agree to the terms of this Agreement, as indicated by the signatures of counsel at the end of this Agreement. Each party shall bear its own costs and fees.

Accordingly, it is hereby AGREED that:

1.      The County, its agents, employees, contractors, successors, and all other persons representing the interests of the County hereby agree to provide in Spanish any "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that they provide in English, as required by Section 203 of the Voting Rights Act.

2.      The terms of this Agreement apply to all Federal, State, and local elections that are administered by the County. Whenever the County enters into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, the County shall require such entity to agree to abide by the terms of this Agreement as if such entity were a party to this Agreement with the United States, and consistent with the responsibility of each entity to comply fully with Section 203.

## <u>Translation and Dissemination of Election-Related Materials</u>

3.     All information that is disseminated by the County in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973b(f)(4), shall be provided in the Spanish language, including information on the Registrar's website. The County alleges that this has been and will continue to be its practice.

4.     The County shall make every effort to ensure that all Spanish language election information, materials, and announcements are made equally available and provided to the same extent as they are provided in English. The County alleges that this has been and will continue to be its practice. Spanish language information shall be distributed in newspapers, radio, the Internet, and other media that exclusively or regularly publish or broadcast information in Spanish to the local population. The County shall consult with the Community Outreach Group, discussed below, to ensure that dissemination of these Spanish language announcements shall be in the form, frequency, and media best calculated to achieve notice and understanding equal to that provided to the English speaking population and to provide substantially the same information.

5.     The Sample Ballot and Informational Pamphlet ("sample ballot") shall be sent in Spanish to voters who request such materials. The County shall increase the size and prominence of information on how to receive the Spanish sample ballot on the cover of the English sample ballot. Effective within 60 days of the signing of this Agreement, the County shall mail bilingual "notice" cards to all registered voters within the County who have thus far not requested minority language materials and who were born in Spanish-speaking countries, subject to agreement by the United States with the form and content of such a "notice" card. The "notice" cards shall inform such voters of their opportunity to receive election information in a minority language. The "notice" cards shall also inform minority language voters of their ability to serve as a bilingual poll worker and to participate in the Community Outreach Group, discussed below. The County shall send out additional "notice" cards to all new registered voters born in a Spanish speaking country as the registrations are received. The County shall develop a program in conjunction with the recommendations of the Community Outreach Group to ensure that Spanish-speaking voters are aware of the availability of and receive minority language materials.

3

7

## Spanish Language Assistance

6.     The County shall ensure that Spanish language assistance shall be available at all locations where election-related transactions are conducted.  The County alleges that this has been and will continue to be its practice.  Trained bilingual (fluent in both Spanish and English) election personnel shall be available to answer voting-related questions by telephone without cost during normal business hours and while the polls are open on election days, including during early voting.  The County alleges that this has been and will continue to be its practice.  The County may coordinate the provision of such services with other governmental or non-governmental entities that conduct elections.

7.     The County shall recruit, hire, train, and assign poll workers able to understand, speak, write, and read Spanish fluently to provide effective assistance to Spanish speaking voters at the polls on election days and during early voting. The County alleges that this has been and will continue to be its practice.

8.     Riverside County shall survey its employees to identify personnel who speak Spanish fluently and, to the extent such employees can be made available to provide assistance, allow and encourage such employees to serve at the polls on Election Day.  The County alleges that this has been and will continue to be its practice.  The County shall request that cities, school districts, and other entities that are involved in conducting elections in Riverside County perform similar surveys of their employees.  The County shall also request that each school district or other educational entity within the County devise and implement a program that allows and encourages bilingual students selected (as permitted by State law and as part of an educational program devised by such district) to serve as poll workers on Election Day for all County elections, including election days that fall on school days, with such students receiving all pay and benefits provided by law for such poll workers.  In the event that there is difficulty obtaining sufficient bilingual personnel, the County shall advise counsel for the United States of any entity that does not participate fully.

9.     The County shall invite eligible members of the Community Outreach Group, discussed below, to serve as poll workers and to encourage other bilingual voters to do so.

4

8

10.     In addition to any requirements of State law,

    a.   any election precinct in which there are 100-249 registered voters with Spanish surnames shall be staffed by at least one bilingual poll worker;

    b.   any election precinct in which there are 250-499 registered voters with Spanish surnames shall be staffed by at least two bilingual poll workers;

    c.   any election precinct in which there are 500 or more registered voters with Spanish surnames shall be staffed by at least three bilingual poll workers; and

    d.   the County shall employ bilingual personnel, trained in Spanish language election terminology, who shall be on call and available to travel to a precinct insufficiently staffed by bilingual poll workers to provide any necessary assistance to any Spanish speaking voter.

The parties may by written agreement adjust these requirements in light of reliable information that the actual need for language assistance in a particular polling place is less or greater than these standards.

11.     The County shall alert voters that Spanish-speaking poll workers are available to provide assistance, and shall make such poll workers available when voters choose these workers as their assistors of choice. The County alleges that this has been and will continue to be its practice.

12.     Signs in both English and Spanish shall be posted prominently at all polling places stating that Spanish language assistance is available. At sites without bilingual staff, signs in both English and Spanish shall be posted that explain how voters can obtain Spanish language assistance.

**Election Official Training**

13.     Prior to each election, in addition to any required State or County

5

9

training, the County shall train all poll workers and other election personnel present at the polls regarding the provisions of Section 203 of the Voting Rights Act, including the legal obligation and means to make Spanish language assistance and materials available to voters, and the requirement that poll workers avoid inappropriate comments and be respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities.

14.   In addition to the general training for poll workers, the County shall provide a Spanish/English election terminology glossary to all bilingual poll workers and train all bilingual poll workers on Spanish language voting instructions and other Section 203 election-related issues. The County shall maintain a record of which poll workers attend training sessions, including the time, location, and training personnel involved.

## Response to Complaints About Poll Workers

15.   The County, upon receipt of complaints by voters, whether oral or written, shall investigate expeditiously any allegations of poll worker discrimination against Spanish speaking and/or Hispanic voters in any election. The County alleges that this has been and will continue to be its practice. The results of the investigation(s) conducted by the County shall be reported to the United States within 45 days. Where there is credible evidence that a poll worker has engaged in inappropriate treatment of Spanish speaking or Hispanic voters, the County shall take appropriate action, including not allowing the person to serve as a poll worker.

## Spanish Language Election Program Coordinator

16.   The County shall designate an individual to coordinate the County's Spanish language election program ("the Coordinator") for all elections within the County. The County shall provide the Coordinator, within the confines of budgetary constraints, with support sufficient to meet the goals of the program. The Coordinator shall be able to understand, speak, write, and read fluently both Spanish and English. The Coordinator's responsibilities shall include coordination of the translation of ballots and other election information; development and oversight of Spanish publicity programs, including selection of appropriate Spanish language media for notices and announcements; training, recruitment, and assessment of Spanish language proficiency of bilingual poll workers and

. 6

10

interpreters; and managing other aspects of the program.

### Community Outreach Group

17.   The Registrar shall establish a Community Outreach Group, chaired by the Coordinator, to assist and inform the Spanish language election program. The Community Outreach Group shall be open to any interested person or organization and shall meet at least quarterly in 2010, and as the Community Outreach Group determines is necessary thereafter. The Coordinator shall provide notice of all planned meetings, including the date, time, location, and agenda, at least 14 days in advance of such meeting, although members of the Community Outreach Group may agree to waive or shorten this time period as necessary. The Community Outreach Group shall meet at least once per month beginning four months before every polling place election, continuing until one month after the election, and at least once four months before every mail ballot election, as well as once one month after the election.

18.   Within five business days after each meeting, the Coordinator shall provide a written summary of the discussion and any decisions reached at the meeting to all Community Outreach Group members and to the Registrar. If the Registrar decides not to implement a Community Outreach Group suggestion or a consensus cannot be reached respecting such suggestion, the Registrar shall provide to the Community Outreach Group through the Coordinator, and maintain on file, a written statement of the reasons for rejecting such suggestion. The County shall maintain a roster of Community Outreach Group members and interested members of the public who attend a Community Outreach Group meeting. The County shall maintain a log of the public who request to receive future notices together with the telephone and facsimile numbers or e-mail addresses of each, and shall provide to each interested party notices it provides to the Community Outreach Group.

19.   The County shall transmit to all members of the Community Outreach Group, in English and Spanish, all election information, announcements, and notices that are provided or made available to the electorate and general public, with the exception of materials that are not reasonably transmittable either in hard copy or in electronic format, and request that they share such information with others.

### Federal Observers

20.    To assist in monitoring compliance with and ensure the effectiveness
of this Agreement, and to protect the Fourteenth and Fifteenth Amendment rights
of the citizens of Riverside County, the United States and the County shall move
for a Stipulated Order, in the form attached hereto, to be filed simultaneously with
the Complaint authorizing the appointment of federal observers for Riverside
County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a),
for the duration of this Agreement. Both parties agree to take all reasonable
measures as may be necessary to ensure that the Stipulated Order, or one like it in
substance and to the same effect but modified as the Court shall see fit, is issued.
There will be no costs to the County of Riverside for the federal observers.

21.    The County shall recognize the authority of federal observers to
observe all aspects of voting conducted in the polls on Election Day, including the
authority to view County personnel providing assistance to voters during voting,
except where the voter objects.

### Evaluation of Plan

22.    The parties recognize that regular and ongoing reassessment may be
necessary to provide the most effective and efficient Spanish language program
and to ensure compliance with the Voting Rights Act. The County shall evaluate
the Spanish language election program after each election to determine which
aspects of the program are functioning well; whether any aspects need
improvement; and how to affect needed improvements. The County also shall
evaluate its program to ensure that each polling place is in compliance with the
Voting Rights Act. The program may be adjusted at any time upon joint written
agreement of the parties.

### Retention of Documents and Reporting Requirements

23.    Throughout the duration of this Agreement, the County shall make
and maintain written records of all actions taken pursuant to this Agreement. Such
written documents and records shall be made available, upon request with
reasonable notice, to the United States.

8

12

Agreed to this 26 day of January, 2010.

AGREED TO:

ERIC H. HOLDER JR.
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

GEORGE S. CARDONA
Acting United States Attorney
MICHELE C. MARCHAND (#93390)
Assistant United States Attorney


T. CHRISTIAN HERREN JR.
ROBERT POPPER
AMANDA E. GREGORY (#234129)
Attorneys
Voting Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue NW
NWB Room 7254
Washington, D.C. 20530
Telephone: (202) 305-0827
Facsimile: (202) 307-3961
amanda.gregory@usdoj.gov

JEFFREY STONE
Chairman of the Board
County of Riverside


FORM APPROVED COUNTY COUNSEL
BY: _____ 1/26/2010
                              DATE

ATTEST:
KECIA HARPER-IHEM, Clerk of the Board

by: _____
            Deputy

11

15

10.06.09 B.1.1